UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERT C. RIGDON,** § | | |
| **BOP No. 97466-180,** § | | |
| § | | |
| Movant, § | | |
| § | | |
| V. § | CAUSE NO. SA-07-CR-593(1)-XR | |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| § | | |
| Respondent. § | | |

### ORDER OF DISMISSAL WITHOUT PREJUDICE

On this date came on to be considered movant Robert C. Rigdon's pro se motion for recommendation regarding concurrent service of sentences, filed September 14, 2016 (ECF no. 33). Movant seeks credit against his current federal criminal sentence for time served in state custody. For the reasons discussed below, because (1) this Court does not retain plenary jurisdiction to alter or amend an otherwise final judgment in a criminal cause and (2) movant is currently incarcerated outside the geographic boundaries of this Court, this Court lacks jurisdiction under 28 U.S.C. § 2241 to entertain movant's request. Movant's request for credit for time served will be dismissed without prejudice to movant's right to seek such relief in an appropriate court after exhausting available administrative remedies.

Background

On October 3, 2007 a federal grand jury indicted movant on a single count of possession of a firearm by a convicted felon (ECF no. 1). On July 24, 2008, movant pled guilty without a formal plea agreement (ECF no. 28). On October 17, 2008, this Court sentenced movant to serve a 41-month term of imprisonment, to be followed by a three-year term of supervised release, and

directed movant to pay a one hundred dollar special assessment (ECF no. 32). Movant's judgment in this cause was silent with regard to whether his federal sentence would run concurrently or consecutively with any other federal or state sentence. Movant did not appeal his conviction or sentence.

Proceedings in this Court

On September 14, 2016, Petitioner filed a motion in this Court seeking to have his federal sentence credited for time he has already served in state custody on unrelated criminal charges (ECF no. 33).

This Court's Limited Post-Judgment Criminal Jurisdiction

Insofar as movant's pro se motion can be construed as a request for a reduction in sentence or a modification of this Court's final Judgment, this Court lacks jurisdiction over such a request. Contrary to the contention implicitly underlying movant's motion, this Court does not retain plenary jurisdiction over a federal criminal proceeding following rendition of a Judgment of conviction and imposition of a criminal sentence. "Federal district courts have only limited authority to modify final judgments in criminal cases." *United States v. Murray*, 700 F.3d 241, 242 (5th Cir. 2012). "A trial judge lacks authority to correct a sentencing error unless Congress has provided otherwise. Outside of such a provision of authority, errors at sentencing may be corrected only on appeal." *Id.*, at 243 (Footnotes omitted). Any relief which movant seeks from this Court from his Judgment and Commitment Order must be expressly and specifically authorized by applicable federal statute. Movant's motion does not invoke either 18 U.S.C. § 3582, 28 U.S.C. § 2241, 28 U.S.C. § 2255, or Rule 35 of the Federal Rules of Criminal Procedure. Nor does movant identify any other federal legal authority which grants this Court the power to grant movant what would amount to a reduction in sentence many years after his

conviction and sentence became "final" for purposes of the one-year statute of limitations contained in 28 U.S.C. § 2255(f).

No Jurisdiction Over a Request for Credit for Time Served

Insofar as movant's pro se motion can be liberally construed as a request for credit against his federal sentence for time served in state custody on unrelated charges, this Court likewise lacks jurisdiction to entertain such a request. A claim for time served prior to the date of a federal sentence is cognizable only in a proceeding for habeas corpus relief brought pursuant to 28 U.S.C. § 2241. *See Setser v. United States*, ___ U.S. ___, ___, 132 S. Ct. 1463, 1473, 182 L. Ed. 2d 455 (2012) (holding federal prisoner seeking credit against his federal sentence for time served in state custody could seek relief under § 2241 after first exhausting available administrative remedies through Bureau of Prisons); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990) (holding claims for time served are not cognizable in a 28 U.S.C. § 2255 proceeding but rather must be addressed as habeas corpus petitions under 28 U.S.C. § 2241).

There are three fundamental problems which prevent this Court from liberally construing movant's pro se motion as a request for federal habeas corpus relief under § 2241. First, as a prerequisite to obtaining relief under § 2241, movant must first exhaust his administrative remedies through the Bureau of Prisons. *Setser v. United States*, ___ U.S. at ___, 132 S. Ct. at 1473; *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (holding § 2241 habeas action seeking credit for time served was not ripe until the Bureau of Prisons denied the defendant's request for credit6 for time served). Movant does not allege any specific facts showing he has made any effort to date to exhaust available administrative remedies through the Bureau of Prisons.

Second, movant is currently located in Beaumont, Texas, clearly outside the geographic

boundaries of this District. A convicted defendant may file a § 2241 action only in the place where he or she is incarcerated. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition). Because movant is currently incarcerated in Beaumont, Jefferson County, Texas, the proper place for movant to file his § 2241 habeas corpus petition is the federal district court for the place where he is currently incarcerated, i.e., the Beaumont Division of the United States District Court for the Eastern District of Texas. 28 U.S.C. Section 124(c)(2).

Third, movant has failed to either pay the five dollar filing fee required for a § 2241 action or file a complete application for leave to proceed In Forma Pauperis. For the benefit of the pro se movant, this Court notes the proper respondent in a § 2241 action is the person who has custody over the movant. i.e., the warden of the Federal Correctional facility in Beaumont where movant is currently incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

Accordingly, it is hereby **ORDERED** that movant's motion for recommendation regarding concurrent service of sentences, filed September 14, 2016 (ECF no. 33), is **DISMISSED FOR WANT OF JURISDICTION** without prejudice to movant's right to file a § 2241 habeas corpus action in the appropriate federal court naming the appropriate respondent after movant first exhausts administrative remedies available through the Bureau of Prisons and either pays the filing fee or obtains leave to proceed In Forma Pauperis.

SIGNED this 5th day of October, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE